UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEREK A. THOMAS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:19-cv-11982-NMG |
| STEPHEN SPAULDING et al., | ) ) ) |
| Defendants. | ) |

MEMORANDUM AND ORDER REGARDING PLAINTIFF'S MOTIONS FOR LEAVE TO AMEND COMPLAINT AND TO SUPPLEMENT COMPLAINT
(Dkt. Nos. 138, 139)

ROBERTSON, U.S.M.J.

I. Introduction

Plaintiff Derek A. Thomas ("Plaintiff") is an inmate of FMC Devens (Dkt. No. 120 at 1). In his initial and his amended complaint, he brought claims pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), alleging violations of his constitutional rights by some twenty-three federal Bureau of Prisons ("BOP") employees. In summary, he alleged that BOP employees in Indiana, New York, and Massachusetts failed to protect him from assault, provided him with inadequate medical care, and retaliated against him for filing grievances (Dkt. No. 120 at 5-9). Plaintiff's claims against the BOP employee-defendants employed in jurisdictions outside of Massachusetts were transferred to the United States District Court for the District of Southern Indiana (Dkt. No. 125). Now before this court are Plaintiff's Motion for Leave to Amend Complaint (Dkt. No. 138) and Motion to Supplement

1

Complaint (Dkt. No. 139), referred to this court by presiding District Judge Nathaniel M. Gorton. For the reasons set forth below, these motions are denied.[1]

II.      Travels of the Case

Plaintiff filed his initial complaint in this matter on September 13, 2019 naming twenty-three defendants, four of whom were John Does (Dkt. No. 1).  After all named defendants filed motions to dismiss on various grounds (Dkt. Nos. 83, 85), Plaintiff filed a motion for leave to file an amended complaint.  Judge Gorton referred the pending motions to dismiss and the motion for leave to amend the complaint to this court for report and recommendation (Dkt. No. 96).  On March 3, 2021, this court recommended that Judge Gorton grant Plaintiff's motion for leave to file an amended complaint, consider transferring claims against the FCI Terre Haute employee-defendants to the United States District Court for the Southern District of Indiana, and dismiss the claims against the defendants employed by FMC Devens ("FMC Devens Defendants") because the amended complaint failed to state a claim against those defendants (Dkt. No. 120). On May 4, 2021, following the docketing of the report and recommendation, Plaintiff filed a motion for leave to further amend his complaint (Dkt. No. 138) and a separate motion to supplement his complaint (Dkt. No. 139).  On May 26, 2021, Judge Gorton referred these two motions to this court (Dkt. No. 150).  On July 16, 2021, after considering Plaintiff's objections thereto, Judge Gorton accepted and adopted the recommendation that Plaintiff's claims against the FMC Devens Defendants be dismissed (Dkt. No. 159), leaving no claims pending against any

---

[1] In *Pagano v. Frank*, 983 F.2d 343, 346 (1st Cir. 1993) (citing *Walker v. Union Carbide Corp.*, 630 F. Supp. 275, 277 (D. Me. 1986), the First Circuit held that, under ordinary circumstances, a motion for leave to amend a complaint is a pretrial matter that is not dispositive of a claim or defense of a party within the purview of Fed. R. Civ. P. 72(a).  "A party displeased by a magistrate [judge's] order on a nondispositive motion must serve and file objections to the order within ten days." *Id.* (citing Fed. R. Civ. P. 72(a)).

defendant in this district. The court addresses Plaintiff's remaining motions, beginning with his motion for leave to file a third complaint, against this backdrop.

### III. Motion for Leave to Amend Complaint

A. Standard of Review

"While leave to amend 'shall be freely given when justice so requires,' a motion to amend may be denied on the basis of futility, as well as improper motives such as bad faith, undue delay or a dilatory motive on the movant's part." *Rick v. Profit Mgmt. Assocs.*, CIVIL ACTION INC. NO. 15-11171-JGD, 2018 WL 5114168, at *3 (D. Mass. Oct. 19, 2018) (quoting and citing *Hatch v. Dep't for Children, Youth & Their Families*, 274 F.3d 12, 19 (1st Cir. 2001)). "In this context, futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *O'Leary v. N.H. Boring, Inc.*, 323 F.R.D. 122, 126 (D. Mass. 2018) (citing *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996)). "Thus, when 'reviewing for "futility", the district court applies the same standard of legal sufficiency as applies to a Rule 12(b)(6) motion.'" *Id.* (quoting *Glassman*, 90 F.3d at 623 (citation omitted)). The court accepts as true all well-pleaded facts and gives a plaintiff the benefit of all reasonable inferences, and when, as in this case, a plaintiff is self-represented, a court must construe a proposed complaint's allegations liberally. *See Rick*, 2018 WL 5114168, at *3 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Cooperman v. Individual, Inc.*, 171 F.3d 43, 46 (1st Cir. 1999)). In conducting this review, the court is instructed to distinguish between factual allegations, which generally must be accepted as true, and legal conclusions, which need not be credited. *See García-Catalán v. United States*, 734 F.3d 100, 103 (1st Cir. 2013).

While pro se complaints are to be read leniently, it is also well settled that "pro se status does not insulate a party from complying with procedural and substantive law." *Ahmed v.*

3

*Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997). "'Merely reciting elements of a claim will not do …. Nor will alleging facts that are too meager, vague, or conclusory to remove the possibility of relief from the realm of conjecture.'" *Doyle v. Town of Falmouth*, Docket No. 2:19-cv-00229-NT, 2019 WL 5431315, at *2 (D. Me. Oct. 23, 2019) (quoting *Lydon v. Local 103, Int'l Bhd. of Elec. Workers*, 770 F.3d 48, 53 (1st Cir. 2014) (internal quotations and citation omitted)). The Supreme Court has said that a court should not accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, "when 'considerable time has elapsed between the filing of the complaint and the motion to amend, the movant has [at the very least] the burden of showing some "valid reason for his neglect and delay."'" *In re Lombardo*, 755 F.3d 1, 3 (1st Cir. 2014) (alteration in original) (quoting *Stepanischen v. Merchs. Despatch Transp. Corp.*, 722 F.2d 922, 933 (1st Cir. 1983)). Finally, "[a] district court pondering whether to grant or deny a motion for leave to amend a complaint must consider the totality of the circumstances." *Niktine v. Wilmington Tr. Co.*, 715 F.3d 388, 390 (1st Cir. 2013) (citing *Palmer v. Champion Mortg.*, 465 F.3d 24, 30-31 (1st Cir. 2006)). Thus, a district court is entitled to consider whether the allegations in a proposed amended complaint differ in material ways from those in a prior pleading, particularly when those changes are not adequately explained. *See Golden v. Mgmt. & Training Corp.*, 319 F. Supp. 3d 358, 372 (D.D.C. 2018) ("While reconcilable small variations between the complaints are acceptable, '[w]here a plaintiff blatantly changes his statement of the facts in order to respond to the defendant['s] motion to dismiss … [and] directly contradicts the facts set forth in his original complaint[], a court is authorized to accept the facts described in the original complaint as true.'") (alterations in original) (quoting *Hourani v. Mirtchev*, 943 F. Supp. 2d 159, 171 (D.D.C. 2013)).

B. Discussion

Plaintiff's proposed third complaint asserts claims against the FMC Devens Defendants, who are administrators and medical care providers employed at FMC Devens at the relevant time, pursuant to *Bivens* and based on alleged failures to provide necessary medical care for Plaintiff's physical and mental impairments in violation of the Eighth Amendment (Dkt. No. 138-1 at 1 & ¶¶ 3-10). According to Plaintiff, as to defendants K. Fricker, Kimo Elraheb, Paul Anderson, and Stephen Spaulding, on one or more occasions in 2018 through 2019, with the timing changing depending on the defendant, he reported pain and suffering consisting of "flashbacks of rape trauma; lack of sleep; nightmares; paranoia; anxiety; depression; hypervigilance; and thoughts of suicide" and requested treatment (Dkt. No. 138-1, ¶¶ 13, 15, 16, 20). He alleges that defendant Fricker knowingly and intentionally withheld treatment for Plaintiff's condition, allowing it to "deteriorate and manifest, causing cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution" (Dkt. No. 138-1, ¶ 13). He further alleges that he informed Elraheb, Anderson, and Spaulding that Fricker and, later, Pathways for Change, an outside counseling center, were deliberately withholding treatment for his mental impairment and that none of these individuals intervened to address defendant Fricker's failure to treat Plaintiff (Dkt. No. 138-1, ¶¶ 14-16, 20).

As to failure to treat a physical impairment, the proposed third complaint alleges that, at various times in 2018 and 2019, with the timing changing depending on the defendant and with minor variations as to the content of the report, Plaintiff reported pain and suffering consisting of "severe abdominal pain when sitting-up, lifting objects, climbing and descending bunk ladder, lifting objects, dressing and bathing; Severe shoulder pain when climbing and descending bunk ladder, lifting objects, dressing and bathing; Severe back pain when climbing and descending

bunk ladder, bending to tie shoes, [and] rolling in Plaintiff's sleep" to defendants Daniel Quist, Scott, Murray, and Ruze, each of whom "knowingly and intentionally withheld treatment by willful neglect" (Dkt. No. 138-1, ¶¶ 17-19).

To succeed on a deliberate indifference claim, a plaintiff must, first, show:

> as an objective matter, that he has a "serious medical need[]" that received inadequate [medical] care. [*Leavitt v. Corr. Med. Servs., Inc.*, 645 F.3d 484, 497 (1st Cir. 2011)]. A serious medical need is that which "has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.*

*Abernathy v. Anderson*, 984 F.3d 1, 6 (1st Cir. 2020) (first alteration in original) (§ 1983 claim). "The serious medical need inquiry is fact-specific and must be tailored to the specific circumstances of the case." *Id.* (citing *Leavitt*, 645 F.3d at 500). "It is 'the particular risk of harm faced by a prisoner due to the challenged deprivation of care, rather than the severity of the prisoner's underlying medical condition, considered in the abstract, that is relevant for Eighth Amendment purposes.'" *Id.* at 7 (quoting *Leavitt*, 645 F.3d at 500). A plaintiff must show more than a hypothetical risk. Instead, there must be "an actual risk of harm faced by the plaintiff-inmate who does not receive the medical attention he requests and genuinely needs." *Id.* (citing *Helling v. McKinney*, 509 U.S. 25, 33 (1993)).

Second, even if a plaintiff prisoner establishes a serious medical condition, "the Eighth Amendment is not violated unless prison administrators also exhibit deliberate indifference to the prisoner's needs." *Kosilek v. Spencer*, 774 F.3d 63, 83 (1st Cir. 2014). "For the subjective inquiry, the Supreme Court has specified that deliberate indifference requires that 'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Leavitt*, 645 F.3d at 497 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); citing *Ruiz-Rosa v. Rullán*, 485 F.3d 150, 156 (1st

Cir. 2007)). "Negligence in treating … a medical condition is insufficient to prove a constitutional violation." *Niemic v. UMass Corr. Health*, 89 F. Supp. 3d 193, 204 (D. Mass. 2015) (citing *Estelle*, 429 U.S. at 106).

Plaintiff's motion for leave to amend is futile because the proposed third complaint does not adequately allege that Plaintiff had a serious mental or physical condition that was identified by a medical care provider as requiring a particular form of care or that would give rise to a substantial actual risk of serious harm in the absence of treatment. First, Plaintiff has alleged, in conclusory form, that he experienced pain and suffering, but he has not alleged that he was "diagnosed by a physician [with a mental or physical condition that] mandate[ed] treatment," or that his claimed pain and suffering arose from so obvious a serious medical condition that "even a lay person would easily recognize the necessity for a doctor's attention." *Leavitt*, 645 F.3d at 497; *see also Abernathy*, 984 F.3d at 6. Second, although the proposed amended complaint alleges, again in wholly conclusory fashion, that Plaintiff was denied care, he has failed to allege that he requested any particular care, essential for treating a serious medical condition, that was denied to him. *See Abernathy*, 984 F.3d at 6. Third, Plaintiff has not alleged an actual and obvious risk of serious harm arising from the alleged denial of care. *See id.* at 7 (citing *Helling*, 509 U.S. at 33). Because Plaintiff has not adequately alleged that he suffered from a serious mental or physical condition in 2018 and 2019, it follows that he has not adequately alleged that the defendants were aware of facts from which the inference could be drawn that a substantial risk of serious harm existed. *See Leavitt*, 645 F.3d at 497. Indeed, Plaintiff's proposed third complaint is a near perfect example of a pleading that merely recites the elements of a claim and relies on facts that are "'too meager, vague, or conclusory to remove the possibility of relief from the realm of conjecture.'" *Doyle*, 2019 WL 5431315, at *2 (quoting *Lydon*, 770 F.3d at 53).

7

Even if Plaintiff was presently proposing to file a legally sufficient third amended complaint, which he is not, the timing of the filing would remain a problem. Plaintiff filed his original complaint in September 2019. All of the allegations in his newly proposed complaint concern events in 2018 and 2019 that were known to Plaintiff when he filed his initial complaint. The defendants, this court, and the presiding District Judge invested substantial time in addressing the merits of the defendants' motions to dismiss Plaintiff's first amended complaint. This court concluded in its report and recommendation, based on a relatively robust review of potential evidence in the form of exhibits to Plaintiff's initial pleadings, that Plaintiff had not stated viable claims that the FMC Devens Defendants had violated the Eighth Amendment in regard to his care. Plaintiff's motion for leave to file a third complaint is obviously an effort to avoid the result set forth in the report and recommendation, which was subsequently accepted and adopted by Judge Gorton. Countenancing such an approach "would impose unnecessary costs and inefficiencies on both the court[] and party opponents." *ACA Fin. Guar. Corp. v. Advest, Inc.*, 512 F.3d 46, 57 (1st Cir. 2008).

Because Plaintiff is self-represented, this court is not denying Plaintiff's motion for leave to file a third complaint on grounds of bad faith. It is nonetheless apparent that there are material factual differences between Plaintiff's allegations in the proposed third complaint and his prior pleadings and the exhibits thereto, which included excerpts from Plaintiff's BOP medical records. Those prior pleadings and the exhibits thereto remain part of the record in this case. *See Rocket Learning, Inc. v. Rivera-Sanchez*, 851 F. Supp. 2d 384, 390 (D.P.R. 2012) (holding that exhibits that were attached to a *pro se* plaintiff's original complaint and referenced in an amended complaint would be deemed incorporated into the amended complaint); *see also Golden*, 319 F. Supp. 3d at 372. Plaintiff's motion for leave to file a third complaint asserts that

he "expressly removes all EXHIBITS submitted with his original Complaint (doc. 1) and referenced in his Amended Complaint (doc. 95)" (Dkt. No. 138). The court presumes that he intends by this assertion to preclude the court from relying on the contents of the exhibits to his initial and amended complaint insofar as those documents might be viewed as contradicting his claims that he was consistently denied necessary medical treatment by the defendants. Plaintiff's prior complaints and exhibits, in fact, reflect that Plaintiff did not receive the medical care and accommodations *he* demanded and to which he apparently believes he was entitled, but they do not reflect the categorical denial of medical care alleged in his proposed third complaint (Compl.; Dkt. No. 1-2 at, e.g., 49, 51, 54-55, 79, 81, 122, 129). As was set forth in the report and recommendation, a disagreement between a prisoner and a treating care provider about the proper course of treatment does not rise to the level of a constitutional violation under the Eighth Amendment. *See Wittkowski v. Levine*, 382 F. Supp. 3d 107, 113 (D. Mass. 2019) (citing *Watson v. Caton*, 984 F.2d 537, 540 (1st Cir. 1993)); *Niemic*, 89 F. Supp. 3d at 205 (a doctor's decision not to refer a plaintiff to an outside specialist or perform certain tests rested "firmly within her medical discretion" and was not actionable as an Eighth Amendment violation).

In summary, Plaintiff's proposed third complaint fails to set out facts that would support a viable claim that his Eighth Amendment rights were violated. Furthermore, his motion for leave to further amend his complaint comes too late. For these reasons, the court denies his motion for leave to file his proposed third complaint. Where the record plainly indicates that these claims lack merit, this denial of Plaintiff's motion for leave to amend on the grounds of futility is with prejudice. *See Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1725 (2020) (acknowledging "courts' ordinary authority to decide whether a dismissal for failure to state a claim should have preclusive effect"); *cf. United States ex rel Gagne v. City of Worcester*, 565

F.3d 40, 48 (1st Cir. 2009) (affirming the trial court's denial of a motion for leave to amend the complaint for the third time; "Plaintiffs do not get a fourth chance to try to get it right.").

### IV. Motion to Supplement Complaint

#### A. Allegations

Plaintiff's separate motion for leave to supplement his complaint seeks to add a new paragraph 21 to the proposed third complaint. In paragraph 21, Plaintiff alleges that, on December 12, 2020, due to a COVID-19 outbreak, Plaintiff and other inmates in his unit were locked into their cells and tested. Plaintiff tested negative, but approximately 20 inmates tested positive and were removed to the special housing unit. According to Plaintiff, on December 24, 2020, defendant Elraheb "orders staff to expose the Plaintiff to a covid-19 positive/infected inmate," M.S., who was exhibiting symptoms of "shortness of breath, coughing, fever, chills, congestion, headache, and aching body." An unidentified correctional officer, who knew that Plaintiff had tested negative for COVID-19, complied with Elraheb's order and placed M.S. in Plaintiff's cell, resulting in Plaintiff catching COVID-19. Plaintiff alleges that these actions were in violation of the Eighth Amendment and, on this basis, seeks to assert claims against Elraheb and the unknown correctional officer (Dkt. No. 139-1, ¶ 21).

#### B. Standard of Review

> Rule 15(d) of the Federal Rules of Civil Procedure allows the Court to grant leave to supplement a complaint with facts "setting out" a "transaction, occurrence, or event that happened after the date" of the complaint. Fed. R. Civ. P. 15(d). "Absent undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility, the motion [to supplement] should be freely granted. *Graham v. Grondolsky*, [Civil Action No.] 08-40208-MBB, 2012 WL 405459, at *16 (D. Mass. Feb. 7, 2012) (quoting *Quarantino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995)). However, "when the matters alleged in a supplemental pleading have no relation to the claim originally set forth and joinder will not promote judicial economy or the speedy disposition of the dispute between the parties, refusal to allow the supplemental pleading is entirely justified." *Stow v. McGrath*, [Civil] No. 17-088-LM, 2018 WL 1545701, at *3

> (D.N.H. Mar. 2, 2018) (citing 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 1506 (3d ed. 2017), *approved*, [Case] No. 17-88-LM, 2018 WL 1542324 (D.N.H. Mar. 28, 2018)). As Fed. R. Civ. P. 18 and 20 make clear, "[u]nrelated claims against different defendants belong in different suits," in part "to ensure that prisoners pay the required filing fees," and that prisoners not avoid exposure to the "three strikes" provision of 28 U.S.C. § 1915(g). *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Rule 15(d) is not an open invitation to make "supplemental" filings that subject defendants "to a moving target of litigation" or "bombard the [c]ourt" with filing upon filing. *See Negron v. Turco*, 253 F. Supp. 3d 361, 363 (D. Mass. 2017).

*Tavares v. Macomber*, C.A. No. 18-606WES, 2019 WL 2502933, at *2 (D.R.I. June 17, 2019).

"Under Rule 15(d), the filing of a supplemental pleadings is not available to the pleader as a matter of right but, rather, is subject to the court's discretion." *United States ex rel Gadbois v. PharMerica Corp.*, 809 F.3d 1, 6 (1st Cir. 2015) (citing *ConnectU LLC v. Zuckerberg*, 522 F.3d 82, 90 (1st Cir. 2008)).

B. Discussion

With the adoption of the report and recommendation and the denial of Plaintiff's motion for leave to file a third complaint, there is no existing operative pleading to supplement. Moreover, the proposed new claim is based on events that allegedly occurred in December 2020; those events have no connection to the events in 2018 and 2019 on which Plaintiff based the claims in his initial complaint, first amended complaint, and his third proposed complaint. Only one of the defendants named in Plaintiff's prior complaints – Elraheb – is implicated in Plaintiff's supplemental pleading and he seeks to add a new defendant whose identity he does not know at this time. It makes little sense to permit Plaintiff to supplement when his last operative pleading has been dismissed for failure to state a claim and his motion for leave to file a third complaint has been denied. There is, at this point, no operative pleading to supplement.

In *Hanson v. NH State Prison Literary Review Comm.*, No. 14-cv-132-SM, 2015 WL 2206337 (D.N.H. May 11, 2015), where the district court confronted a similar situation, the court

denied the motion to supplement without prejudice to the plaintiff's ability to file a separate action asserting the claims that were unrelated to the plaintiff's earlier claims. *See id.* at *1, 4. The First Circuit has stated that a "cause[] of action accruing after the institution of a lawsuit usually can be filed as [a] separate action[]" when, as in this case, supplementation does not provide "a more efficient mechanism for litigating such claims." *Gadbois*, 809 F.3d at 4. Faced with a case in a posture that is indistinguishable in any significant respect from the posture of *Hanson*, this court adopts the approach set out in *Hanson* and denies Plaintiff's motion to supplement in this case. This dismissal is not intended as a comment on the merits of the claim asserted by means of Plaintiff's motion to supplement and is without prejudice to his filing of a separate action asserting the claim that is the subject of Plaintiff's proposed supplement. *See Hanson*, 2015 WL 2206337 at *1, 4 (the district court adopted the recommendation that the plaintiff's motion to supplement be denied "without comment on the merits of the claims asserted therein, and without prejudice to [the plaintiff's] ability to bring those claims in a new civil case before the court").

V.  Conclusion

For the foregoing reasons, Plaintiff's Motion for Leave to Amend Complaint (Dkt. No. 138) is DENIED with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff's Motion for Leave to Supplement Complaint (Dkt. No. 139) is DENIED without prejudice pursuant to Fed. R. Civ. P. 15(d).

It is so ordered.

Dated:  August 10, 2021                                    Katherine A. Robertson
                                                          KATHERINE A. ROBERTSON
                                                          U.S. MAGISTRATE JUDGE